STATE v. JEROME EVERS.
ERVIN E. WEINKAUF, RELATOR.

188 N. W. (2d) 882.

July 16, 1971—No. 42750.

 

*Berens, Rodenberg & O'Connor* and *William T. O'Connor,* for relator.
*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, and *James M. Kelley,* Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Kelly, JJ.

PER CURIAM.

Certiorari to review a contempt citation of the district court.

Both parties agree that the case arises out of a longstanding dispute between the Honorable Noah S. Rosenbloom, a judge of the district court, and Mr. Ervin E. Weinkauf, the sheriff of Brown County, as to whether a uniformed, law-enforcement officer should be allowed to wear a sidearm in court while testifying as a witness.

On August 5, 1970, Judge Rosenbloom issued an order in which he stated:

"* * * I do now order that henceforth no witness in my courtroom will get on the stand as a witness in the presence of a Jury with an unconcealed weapon. I do not wish to single out the Brown County Sheriff's office, but since they are involved in this proceeding that order is specifically directed to Mr. Weinkauf and to Mr. Paulson, his deputy, these being witnesses who, I understand, will be called. In no sense am I wishing to discourage the appearance of these gentlemen as witnesses. I think it's their duty to testify in this case and I want them to do so. I do not feel, however, that they should get on the stand with an unconcealed weapon and I hereby order that they shall not wear an unconcealed weapon on the stand and I want the record further to show that this Court will consider a violation of that order grounds for contempt subject to further proceedings should they become necessary."

The following day, on August 6, the sheriff, in violation of this order, appeared as a witness, wearing his sidearm. On August 7, the court issued a contempt citation and held a hearing at which the sheriff and others were present. Apparently the judge was willing to permit the sheriff to wear a concealed weapon in a shoulder holster but not an unconcealed sidearm. At the conclusion of the hearing, the court made an order which, so far as material here, reads:

"Based upon the Court's finding of contempt, I do hereby fine you $50.00, suspended on condition that you do in the future comply with this rule and suspended further—or provided further that the contempt will be fully purged if you seasonably take and prosecute an appeal of this order or of the order of the other day so that we finally get this matter determined. As far as I am concerned, whether I am upheld or not, if you prosecute that appeal to conclusion, the contempt will be purged and that will be the end of it. Is there any question about that?

"Mr. Weinkauf: None on my part, Your Honor."

It is obvious that the case was framed for the purpose of obtaining from us an advisory opinion on facts that now constitute no justiciable issue. No matter what our decision might be, were we to express one, the alleged contempt by relator has been purged by the simple expedient of initiating a certiorari proceeding to obtain review of the citation by this court. There is nothing, consequently, for us to decide. The case has become completely moot by virtue of the certiorari proceeding. Consequently the writ must be and is discharged.

Writ discharged.